**AMERICAN HERITAGE LIFE INSURANCE COMPANY; and First Colonial Insurance Company of Florida**

v.

**Katie Fair BEASLEY**

No. 1:00CV375–D–A.

United States District Court, N.D. Mississippi, Eastern Division.

Oct. 1, 2001.

Beth L. Orlansky, McGlinchey Stafford, Jackson, MS, for Plaintiffs.

Brian Kelly Herrington, Barrett Law Offices, Lexington, MS, for Defendant.

## OPINION

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiffs' petition to compel arbitration pursuant to Section Four of the Federal Arbitration Act.[1] In the petition, the Plaintiffs also seek to stay a state court proceeding brought in Holmes County, Mississippi, by the Defendant against the Plaintiffs.

Upon due consideration, the court finds that the petition should be granted. In accordance with the parties' agreement, the Defendant's claims shall be submitted to arbitration, and the proceedings currently pending in the Circuit County of Holmes County shall be stayed pending arbitration.

### A. Factual and Procedural Background

The Defendant obtained a consumer loan from Republic Finance that included the purchase of credit-related insurance from the Plaintiffs American Heritage Life Insurance Company and First Colonial Insurance Company. In connection with the loan transaction, the Defendant signed a document entitled "Arbitration Agreement." The Arbitration Agreement contains a mandatory arbitration provision, requiring that all claims or disputes between the parties in connection with the loan transaction be submitted to binding arbitration.

Despite the Agreement's arbitration provision, the Defendant commenced a civil action in the Circuit Court of Holmes County, Mississippi, on July 26, 2000, seeking monetary damages for, *inter alia*, fraudulent misrepresentation in connection with the loan transaction. Then, on October 16, 2000, the Plaintiffs filed a petition in this court, pursuant to Section Four of the Federal Arbitration Act, seeking an order compelling arbitration and staying the pending state court proceedings. Thereafter, on July 25, 2001, the Plaintiffs filed briefs in support of their petition, placing all substantive issues before the court for adjudication.

### B. Discussion

#### 1. Plaintiffs' Petition to Compel Arbitration

##### a. Standard for Compelling Arbitration

Congress provided in the Federal Arbitration Act (FAA) that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1999). Section Four of the FAA specifically contemplates that parties, such as the Plaintiffs, that are aggrieved by another party's failure to arbitrate under a written agreement, may file an original petition in a United States District

---

1. Also pending before the court is the Defendant's motion for abstention, and the Defendant's appeal of the Magistrate's June 14, 2001, order staying discovery pending a ruling on the Plaintiffs' petition to compel arbitration. Upon due consideration, and as set forth herein, the court finds that the motion for abstention should be denied, and the appeal of the Magistrate's order should be overruled.

Court to compel that party to arbitrate their claims. 9 U.S.C. § 4 (1999). In addition, the FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Southland Corp. v. Keating,* 465 U.S. 1, 10, 104 S.Ct. 852, 857, 79 L.Ed.2d 1 (1984); *Mouton v. Metropolitan Life Ins. Co.,* 147 F.3d 453, 456 (5th Cir. 1998).

 The Fifth Circuit has directed that courts are to perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute. *R.M. Perez & Assocs., Inc. v. Welch,* 960 F.2d 534, 538 (5th Cir.1992). First, the court must determine whether the parties agreed to arbitrate the dispute in question. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Webb v. Investacorp, Inc.,* 89 F.3d 252, 257–58 (5th Cir.1996). Once the court finds that the parties agreed to arbitrate, it must then consider whether any federal statute or policy renders the claims nonarbitrable. *R.M. Perez,* 960 F.2d at 538. In conjunction with this inquiry, a party seeking to avoid arbitration must allege and prove that the arbitration provision itself was a product of fraud or coercion; alternatively, that party can allege and prove that another ground exists at law or in equity that would allow the parties' contract or agreement to be revoked. *Sam Reisfeld & Son Import Co. v. S.A. Eteco,* 530 F.2d 679, 680–81 (5th Cir.1976).

The parties do not dispute that their Arbitration Agreement contains the following mandatory arbitration provision:

[A]ny claim, dispute or controversy between undersigned … and lender (or the employees, agents or assigns of lender) arising from or relating to the loan or any prior extension of credit by lender to any of the undersigned, insurance written in connection herewith, … whether arising in law, equity or any Federal or State disclosure law or other statutes, and whether arising in tort, contract breach of duty (including but not limited to) any alleged fiduciary, good faith, and fair dealing duties, including but not limited to the applicability of this arbitration agreement, and the validity of the entire agreement shall be resolved by binding arbitration before one arbitrator in accordance with the Federal Arbitration Act, the expedited procedures of the commercial arbitration rules of the American Arbitration Association, and this agreement.

Arbitration Agreement at 1.

 As an initial matter, the court notes that the Plaintiffs are non-signatories to the Arbitration Agreement. The Fifth Circuit has made clear, however, that a non-signatory to a contract containing an arbitration provision may compel arbitration against a signatory, when that signatory "raises allegations of substantially interdependent and concerted misconduct by both the non-signatory and one or more of the signatories to the contract." *Grigson v. Creative Artists Agency, L.L.C.,* 210 F.3d 524, 527 (5th Cir.2000). In this case, the Plaintiffs assert that although they are non-signatories to the Arbitration Agreement between the Defendant and Republic Finance, they are nevertheless entitled to compel arbitration of the Defendant's claims against them because those claims are intertwined with the Defendant's claims against two individual employees of Republic Finance. The court agrees.

 The state court complaint brought by the Defendant against the Plaintiffs alleges that the Plaintiffs colluded and

conspired with agents of Republic Finance to sell unnecessary insurance at inflated rates. Specifically, the complaint charges that the "Defendants [American Heritage, First Colonial and two individual employees of Republic Finance] employed a scheme, common course of conduct, and conspiracy to defraud ... [and] wrongfully sold insurance to the Plaintiffs." *See* State Court Complaint at ¶ 54. Further, it is undisputed that the Defendant's state court claims against the Plaintiffs arise from the same transaction, involved the same participants and representations, and occurred at the same time and location. As such, the court finds that the Defendant's claims raise allegations of substantially interdependent and concerted misconduct by both the non-signatory Plaintiffs and the signatory lender's employees. The Plaintiffs, therefore, may compel arbitration of the claims against them in accordance with the Arbitration Agreement, pursuant to the Fifth Circuit's ruling in *Grigson.*

As for the first step in the court's analysis, whether the parties agreed to arbitrate the dispute, the court finds that the parties agreed to arbitrate all of the Defendant's claims. The parties' Arbitration Agreement specifically states that "any claim ... arising from or relating to ... insurance written in connection [with the loan agreement] ... shall be resolved by binding arbitration ..." Further, the court finds that the arbitration clause is valid, unambiguous, sufficiently broad to cover all of the Defendant's claims, and susceptible to only one interpretation— that the parties intended to settle, through arbitration, the claims the Defendant has raised. None of the Defendant's claims fall outside the scope of the arbitration clause.

As for the second step in the court's analysis, the Defendant argues that the

claims are nonarbitrable for several reasons, including (i) the FAA is reverse-preempted by the McCarran–Ferguson Insurance Regulation Act; (ii) the parties' Arbitration Agreement abridges the Defendant's right to a jury trial; and (iii) the parties' Arbitration Agreement is unenforceable on grounds of unconscionability.

### b. Reverse–Preemption and the McCarran–Ferguson Insurance Regulation Act

The Defendant asserts that the FAA is reverse-preempted by the McCarran–Ferguson Insurance Regulation Act, 15 U.S.C. §§ 1011–1015 (1999), so as to render the parties' Arbitration Agreement unenforceable.

The McCarran–Ferguson Act is designed to clear the way for state laws regulating the business of insurance, by displacing any federal law that conflicts with such state laws. But McCarran–Ferguson applies only in the narrow range of cases involving state regulation of the insurance industry, [and] permits a state law to reverse preempt a federal statute only if: (1) the federal statute does not specifically relate to the "business of insurance;" (2) the state law was enacted for the "purpose of regulating the business of insurance;" and (3) the federal statute operates to "invalidate, impair, or supersede" the state law. *Munich Am. Reinsurance Co. v. Crawford,* 141 F.3d 585, 590 (5th Cir. 1998).

The court finds that the Defendant's reverse preemption argument fails because the Defendant has failed to point to a single applicable Mississippi state law that the FAA has invalidated, impaired, or superseded. Instead, the Defendant argues that because Mississippi's Commissioner of Insurance is seemingly opposed to approving insurance policies that contain binding arbitration clauses, McCar-

ran–Ferguson reverse preempts the FAA. The Fifth Circuit has made clear, however, that McCarran–Ferguson only permits state laws or statutes to reverse preempt federal statutes; regulatory policies of state officials may not do so. *Munich Am. Reinsurance Co.*, 141 F.3d at 590. In addition, the Defendant points to two wholly inapplicable state statutes, neither of which is invalidated, impaired, or superseded by the FAA. As such, the Defendant's claim of reverse-preemption fails and the McCarran–Ferguson Insurance Regulation Act is inapplicable.

### c. Right to a Jury Trial

■ The Defendant next contends that the parties' Arbitration Agreement abridges the Defendant's right to a jury trial.

■ While the FAA does allow for parties to demand a jury trial to resolve factual issues surrounding the making of the arbitration agreement or the failure, neglect or refusal to perform the agreement, it is well settled that "[a] party to an arbitration agreement cannot obtain a jury trial merely by demanding one." *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 (5th Cir.1992) (holding, in addition, that Defendant "must make at least some showing that under prevailing law, he would be relieved of his contractual obligation to arbitrate if his allegations [surrounding the arbitration agreement] proved to be true."); 9 U.S.C. § 4 (1999). In addition, the Defendant "must produce at least some evidence to substantiate his factual allegations." *Dillard*, 961 F.2d at 1154.

Here, the Defendant has proffered no evidence whatsoever supporting the conclusion that a jury trial is warranted in this action. As such, the court finds that a jury trial is not required, and an order compelling the Defendant to submit all claims to arbitration is appropriate without a jury trial.

### d. Unconscionability

■ The Defendant contends that the parties' Arbitration Agreement is unenforceable on grounds of unconscionability. In determining whether an agreement to arbitrate is unenforceable due to unconscionability, the court refers to state law. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 686–87, 116 S.Ct. 1652, 1656, 134 L.Ed.2d 902 (1996).

■ Under Mississippi law, a court may refuse to enforce a contract, or any clause of a contract, that is found to have been unconscionable when made. *See* Miss.Code Ann. § 75–2–302. Mississippi law defines an unconscionable contract as "one such as no man in his senses and not under a delusion would make on the one hand, and no honest and fair man would accept on the other." *Entergy Mississippi, Inc. v. Burdette Gin Co.*, 726 So.2d 1202, 1207 (Miss.1998). Under Mississippi law, there are two types of unconscionability; procedural and substantive. *York v. Georgia–Pacific Corp.*, 585 F.Supp. 1265, 1278 (N.D.Miss.1984). A plaintiff may establish procedural unconscionability if she proves "a lack of knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms." *York*, 585 F.Supp. at 1278. A plaintiff may prove substantive unconscionability if she proves that the terms of the arbitration clause were oppressive. *Id.*

■ Here, while the Defendant alleges, in general and conclusory terms and citing only non-Mississippi caselaw, that the parties' Arbitration Agreement is procedurally and substantively unconsciona-

ble, no evidence is presently before the court that supports that conclusion. The Defendant does not assert a lack of ability to read or understand the Arbitration Agreement, or that any behavior on the part of the Plaintiffs or the lender's sales personnel prevented a careful reading of the Agreement. Moreover, the Arbitration Agreement was not buried in fine print in the middle of the contract, but rather was a separate document, with the words **"ARBITRATION AGREEMENT"** placed at the top of the page in large, bold letters that are easy to see. Further, the Agreement clearly states, just above the parties' signature lines, that **"THE PARTIES UNDERSTAND THAT BY SIGNING THIS ARBITRATION AGREEMENT, THEY ARE LIMITING ANY RIGHT TO PUNITIVE DAMAGES AND GIVING UP THE RIGHT TO A TRIAL IN COURT, BOTH WITH AND WITHOUT A JURY."** This language, combined with the Plaintiff's lack of evidence as to unconscionability, lead the court to find that the Defendant has failed to establish that the parties' Arbitration Agreement is unenforceable on grounds of unconscionability.

In sum, the court finds that all of the Defendant's claims are covered by the arbitration provision contained in the Arbitration Agreement, and that all of the Defendant's claims are arbitrable. All of the Defendant's claims, therefore, shall be submitted to arbitration in accordance with the terms of the Arbitration Agreement.

### 2. Stay of State Court Proceedings

In addition to seeking an order compelling the Defendant to submit all pending claims to arbitration, the Plaintiffs also seek to stay the Defendant's pending state court action.

The Anti–Injunction Act states that:

A court of the United States may not ... stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283 (2000).

 The court finds that in the particular circumstances of this case, a stay is required to protect or effectuate this court's judgment and order that the controversy between the parties be submitted to arbitration. The court further finds that the policies embodied in the FAA militate against having ongoing state proceedings at the very time those same claims are the subject of arbitration proceedings.

In sum, the court concludes that the principle of judicial economy, the strong judicial policy favoring arbitration expressed by the Supreme Court, the plain language of the Anti–Injunction Act, and the policies embodied in the FAA warrant a stay of the Defendant's Holmes County civil action.

### 3. Abstention

 The Defendant has filed a motion for abstention pursuant to *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943), requesting that the court abstain from exercising jurisdiction in this cause. *Burford* abstention is appropriate in two circumstances: (1) cases involving difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case; or (2) where federal adjudication of the case would disrupt state efforts to establish a coherent policy with respect to matters of substantial public importance. *Munich Am. Reinsurance Co.*, 141 F.3d at 589.

 The court finds, however, that the Defendant's motion should be denied because the Fifth Circuit has expressly ruled

that *Burford* abstention is not applicable to suits brought under the FAA to compel arbitration, when the parties have a valid and binding arbitration agreement. *See Munich Am. Reinsurance Co.,* 141 F.3d at 589–90 (ruling that district court abused its discretion in invoking *Burford* abstention in action brought to compel arbitration under FAA, after having found that parties' contracts contained valid and binding arbitration clauses). Here, the court has expressly found that the parties' Arbitration Agreement is valid and binding. As such, in accordance with *Munich American,* the court may not abstain from exercising jurisdiction over this cause, and the Defendant's motion for abstention shall be denied.

### 4. Appeal of the Magistrate's Order

Finally, the Defendant has appealed the order entered by the Magistrate Judge on June 14, 2001, staying discovery pending a ruling on the Plaintiffs' petition to compel arbitration. As an initial matter, in light of the fact that the court is granting the Plaintiffs' petition to compel arbitration, the Defendant's appeal is essentially moot. In any event, upon review of the Magistrate's order, the court finds that it agrees with the Magistrate's reasoning, and hereby affirms the order of June 14, 2001. Accordingly, the court expressly finds that the Magistrate's June 14, 2001, ruling and order are not clearly erroneous or contrary to law, as is required before this court can reverse, vacate or modify the Magistrate's order on appeal. *See* Fed. R.Civ.P. 72(a).

### C. Conclusion

For the above stated reasons, the Plaintiffs' petition to compel arbitration is granted, the Defendant's claims are referred to arbitration, and the Defendant's pending state law claims are stayed. Further, the Defendant's motion for absten-

tion is denied, and the Defendant's appeal of the Magistrate's order is overruled.

A separate order in accordance with this opinion shall issue this day.

### ORDER

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiffs' petition seeking an order compelling arbitration is GRANTED;

(2) the Defendant's claims shall be submitted to arbitration, in accordance with the parties' Arbitration Agreement;

(3) the Defendant's motion for abstention (docket entry 27) is DENIED;

(4) the Defendant's appeal of the Magistrate's June 14, 2001, order staying discovery (docket entry 23) is OVERRULED, and the Magistrate's order of June 14, 2001, is AFFIRMED;

(5) all proceedings in the case of *Ora Cain, et al. v. American Heritage Life Ins. Co., et al.,* Civil Action No.2000–299, Circuit Court of Holmes County, Mississippi, are STAYED; and

(6) this case is CLOSED.